UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED GRAVES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TERRI GONZALEZ, Warden,<br><br>　　　　Respondent. | NO. ED CV 12-0457 ABC (FMO)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY |

On March 29, 2012, Fred Graves ("petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in San Bernardino County Superior Court Case No. CR 33109, and raising eight claims for habeas corpus relief. (See Petition, Exhibit: Grounds at 1-12).

**PRIOR PROCEEDINGS**

On September 30, 1976, in San Bernardino County Superior Court Case No. CR 33109, a jury convicted petitioner of two counts of first degree murder (Cal. Penal Code § 187), and he was subsequently sentenced to an indeterminate sentence of seven years to life in state prison, with a possibility of parole. (Petition at 2 & Exh. A). Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment on October 7, 1977. (Id. at 2-3 & Exh. C). Petitioner did not file a petition for review in the California Supreme Court. (Id. at 3).

On August 1, 2005, petitioner filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, <u>Graves v. Muntz</u>, Case No. CV 05-0694 ABC (FMO) ("Graves I"),[1] challenging his conviction in San Bernardino County Superior Court Case No. CR 33109.

On January 25, 2006, the Court entered judgment dismissing Graves I with prejudice as untimely. On February 10, 2006, the Court denied a certificate of appealability ("COA") in Graves I, and the Ninth Circuit denied a COA in Graves I on September 8, 2006.[2]

## DISCUSSION

The present Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its own files and records in Graves I. See <u>Shuttlesworth v. City of Birmingham, Ala.</u>, 394 U.S. 147, 157, 89 S.Ct. 935, 942 (1969) (federal court may properly take judicial notice of its own files and records); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases. . . .").

[2] Additionally, the Court takes judicial notice of its files and records in <u>Graves v. Neotti</u>, ED CV 06-1191 ABC (FMO) ("Graves II"). In Graves II, petitioner filed a habeas corpus petition in this Court on October 31, 2006, challenging the Board of Parole Terms 2005 decision finding him unsuitable for parole. This Court entered judgment denying Graves II on March 24, 2011, and thereafter denied petitioner a COA, and the Ninth Circuit denied petitioner a COA on July 18, 2011.

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); <u>see also</u> Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. . . ."). In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

  The instant Petition is a second or successive petition challenging petitioner's conviction and sentence in San Bernardino County Superior Court Case No. CR 33109 after Graves I had already rejected a previous attack on this conviction and sentence as untimely. See <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009) ("[T]he dismissal of a habeas petition as untimely constitutes a disposition on the merits and . . . a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."). "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." <u>Magwood v. Patterson</u>, 130 S.Ct. 2788, 2796 (2010). There is no indication in the record that petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or

1 successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984 (2003) (internal quotation marks and citation omitted); accord Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 796 (2007) (per curiam). Because the Petition is a "second or successive" petition, the Court lacks jurisdiction to consider the merits of the Petition. See Magwood, 130 S.Ct. at 2796 ("[I]f [petitioner's] application [is] 'second or successive,' the District Court [must] dismiss[] it in its entirety because [petitioner] failed to obtain the requisite authorization from the Court of Appeals."); accord Burton, 549 U.S. at 152-53, 127 S.Ct. at 796. Accordingly, the Court will dismiss the Petition without prejudice to petitioner filing a new action if and when he obtains permission to file a successive petition.[3]

## CERTIFICATE OF APPEALABILITY

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

---

[3] If petitioner obtains permission to file a second petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. When petitioner files a new petition, the Court will give the petition a new case number.

1  The Court is dismissing the Petition without prejudice because it is a second or successive
2  petition. Since the Petition is clearly a second or successive petition, petitioner cannot make the
3  requisite showing "that jurists of reason would find it debatable whether the district court was
4  correct in its procedural ruling." Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

Based on the foregoing, IT IS ORDERED THAT the Petition is **dismissed without prejudice** for lack of jurisdiction and a Certificate of Appealability is **denied**.

DATED: _April 1¥_, 2012.

_____
AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE